# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re | ) | |
|     LEANNE GAYLE RANUM | ) | Case No. 22-11330-TBM |
| | ) | Chapter 7 |
|                        Debtor | ) | |
|     DAVID V. WADSWORTH | ) | Adversary Proceeding No. |
|     Chapter 7 Trustee, | ) | |
|                       Plaintiff | ) | |
| v. | ) | |
|     CLEARONE ADVANTAGE, LLC | ) | |
|                       Defendant | ) | |

# COMPLAINT

David V. Wadsworth, Chapter 7 Trustee, by and through his counsel, Kutner Brinen Dickey Riley, P.C., for his Complaint against ClearOne Advantage, LLC, states as follows:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (H).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7001-1.

5. Plaintiff David V. Wadsworth consents to entry of final orders or judgment by the bankruptcy court in this adversary proceeding.

## PARTIES AND STANDING

6. Plaintiff David V. Wadsworth (the "Trustee") is the duly appointed Chapter 7 trustee of the bankruptcy estate of Leanne Gayle Ranum. His principal place of business is located at 2580 West Main Street, Suite 200, Littleton, Colorado 80120.

7. Upon information and belief, Defendant ClearOne Advantage, LLC ("Defendant") is a Delaware limited liability company with its principal place of business located at 1501 South Clinton Street, Suite 320, Baltimore, MD 21224. The Defendant can be served through its registered agent, Corporation Service Company, whose address is 251 Little Falls Drive, Wilmington, DE 19808.

8. The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on or about April 20, 2022 (the "Petition Date"). The case was converted to a case under Chapter 7 on June 28, 2022.

9. The Defendant is a provider of debt-management services pursuant to the Colorado Uniform Debt-management Services Act, C.R.S. § 5-19-201 *et seq*.

10. Upon information and belief, on or about April 9, 2021, the Debtor signed an agreement as part of a debt-management program provided by the Defendant (the "Agreement").

11. Upon information and belief, the Debtor was a resident of Colorado at all times relevant this Complaint.

12. Upon information and belief, between April 9, 2021 and the Petition Date, the Defendant charged $4,228.03 of fees to the Debtor for the debt-management services.

13. Upon information and belief, Defendant failed to provide "reasonably equivalent value" in exchange for Debtor's payment of $4,228.03 in fees.

14. Because the Defendant did not provide "reasonably equivalent value" in exchange for the Debtor's payments to Defendant, their transfer to Defendant is a fraudulent transfer under 11 U.S.C. § 548(a)(1)(B).

## FIRST CLAIM FOR RELIEF
### (Fraudulent Transfer - 11 U.S.C. § 548(a)(1)(B))

15. The Trustee incorporates by this reference the allegations contained in paragraphs 1 through 17 above as though more fully set forth in this First Claim for Relief.

16. Between April 9, 2021 and the Petition Date, the Debtor paid $4,228.03 in fees to Defendant (the "Transfer").

17. The Transfer was made within two years of the Petition Date.

18. The Debtor received less than reasonably equivalent value in exchange for the Transfer. Specifically, the Debtor made payments of not less than $6,612.00 on account of her agreement with the Defendant, of which $4,228.03 went to the Defendant instead of her creditors.

19. Further, notwithstanding the payments to Defendant, Debtor filed for bankruptcy almost a year after entering into her agreement with Defendant regardless.

20. On the date that the Transfer was made, the Debtor was either:

    a. insolvent or became insolvent as a result of the Transfer;

    b. engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or,

    c. intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

21. As a result of the foregoing, the Transfer is avoidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendant, (a) avoiding the payment of $4,228.03 to the Defendant pursuant to 11 U.S.C. § 548(a)(1)(B); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the $4,228.03 from Defendant; and (c) granting such other relief as the Court deems appropriate.

Dated August 9, 2023.

Respectfully submitted,

By: */s/ Jonathan M. Dickey*
Jonathan M. Dickey, #46981
KUTNER BRINEN DICKEY RILEY, P.C.
1660 Lincoln Street, Suite 1720
Denver, CO 80264
jmd@kutnerlaw.com
Telephone: 303-832-3047